UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| KARLTON WAYNE McGARY,<br><br>    Plaintiff,<br><br>    v.<br><br>LINA MANGLICMOT; et al.,<br><br>    Defendants.<br>_____/ | No. C 14-4686 LB<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>[Re: ECF No. 1] |

## INTRODUCTION

Karlton Wayne McGary, an inmate at the North Fork Correctional Facility in Sayre, Oklahoma, has filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. He has consented to proceed before a magistrate judge. ECF No. 1 at 4. His complaint is now before the court for review under 28 U.S.C. § 1915A. This order dismisses the complaint, and gives Mr. McGary leave to file an amended complaint.

## STATEMENT

Mr. McGary alleges the following in his complaint about events and omissions that occurred while he was incarcerated at the Correctional Training Facility in Soledad. Primary care provider Dr. Palomero was deliberately indifferent to his medical needs "in not placing a medical hold" on Mr. McGary due to his "medical conditions advance stage." ECF No. 1 at 3 (errors in source).

Nurse Manglicmot showed a deliberate indifference to Mr. McGary's medical needs in approving him for a move on April 11, 2014 from the medical facility and prescribed treatment. Captain P. Marziello showed a deliberate indifference to Mr. McGary's serious medical concerns on September 25, 2013, and correctional counselor J. Summers showed a deliberate indifference to his serious medical concerns on September 25, 2013.

**ANALYSIS**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For the objective prong of the deliberate indifference test in a medical care claim, the plaintiff "must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citation and internal quotation marks omitted). For the subjective, or "deliberate indifference" prong, the plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citation and internal quotation marks omitted).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  A plaintiff's "obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56, (2007) (citations omitted).

Mr. McGary's complaint is deficient because all the key allegations are conclusions. Mr. McGary's complaint does not describe his medical needs and instead only alleges the conclusion that they were serious medical needs.  In his amended complaint he must identify what those medical needs were, so that a reader may determine that they amounted to a sufficiently serious condition. Mr. McGary also alleges the conclusion that each of the defendants was deliberately indifferent, but does not allege any facts suggestive of deliberate indifference. He alleges that Dr. Palomero failed to put a medical hold on him and nurse Manglicmot cleared him for a transfer, but fails to allege facts showing that either of them knew of and disregarded a risk to his health in not preventing his transfer.  He also gives the reader not a hint as to what defendants Marziello and Summers did that amounted to deliberate indifference.  Mr. McGary will be given leave to amend so that he may attempt to allege facts showing that one or more defendants have been deliberately indifferent to his medical needs.

In his amended complaint, Mr. McGary must also link each defendant to his claim by explaining what each defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee.  A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

**CONCLUSION**

For the foregoing reasons, the complaint is **DISMISSED WITH LEAVE TO AMEND**. The amended complaint must be filed no later than **December 12, 2014**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he does not need to plead again any claim the court has dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file the amended complaint by the deadline will result in the dismissal of the action for failure to state a claim.

**IT IS SO ORDERED.**

Dated: November 10, 2014

_____
LAUREL BEELER
United States Magistrate Judge