UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| KARLTON WAYNE McGARY, | No. C 14-4686 LB |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | [Re: ECF No. 8] |
| LINA MANGLICMOT; et al., | |
| Defendants. | |
| _____/ | |

## INTRODUCTION

Karlton Wayne McGary, an inmate at the North Fork Correctional Facility in Sayre, Oklahoma, has filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. The court reviewed his complaint and dismissed it with leave to amend. Mr. McGary then filed an amended complaint, which is now before the court for review under 28 U.S.C. § 1915A. This order determines that the amended complaint states claims upon which relief may be granted and requires the Marshal to serve process on four defendants.

## STATEMENT

Mr. McGary alleges the following in his amended complaint about events and omissions that occurred while he was incarcerated at the Correctional Training Facility in Soledad. Mr. McGary has "advanced lower lumbar degen[e]rative disc disease," which causes him acute and occasionally

disabling pain. ECF No. 8 at 2. Physicians have prescribed "heavy narcotics" to manage his pain, *id.*, and those medications can only be prescribed at facilities designated as correctional medical facilities. Physical therapy also is prescribed for patients at the advanced stages of this condition. As of 2009, the California Department of Corrections ("CDCR") determined that Mr. McGary could be housed only at institutions designated as medical facilities by the CDCR, where a primary care physician would monitor his medications and schedule physical therapy.

On April 11, 2014, registered nurse Lina Manglicmot was deliberately indifferent when she signed off on a health care transfer form, knowing of his medical needs. As a result of her actions, Mr. McGary was denied pain management medications that had been prescribed for him.

Dr. G. B. Palomero was deliberately indifferent to Mr. McGary's medical needs "on numerous occasions." ECF No. 8 at 5. Dr. Palomero failed to update Mr. McGary's CDC-1845 disability placement program verification form; this failure allowed Mr. McGary to be transferred to an out-of-state facility that could not offer the level of health care he required. Dr. Palomero refused to discuss long-term pain management medications already approved for Mr. McGary; this refusal caused Mr. McGary to be without pain medications for extended periods of time. Dr. Palomero failed to "rectify the plaintiff's medical disability status from a facility not designated as a CDCR medical facility" – apparently meaning that Dr. Palomero failed to cause him to be returned from the out-of-state facility to a CDCR medical facility – thereby causing him to experience undue pain and suffering, ECF No. 8 at 6.

On September 25, 2013 or September 25, 2014, captain P. Marziello and CCI J. Summers were deliberately indifferent by referring Mr. McGary for a non-adverse transfer to a non-medical out-of-state facility without checking with health care staff to see if the transfer was appropriate. As a result, Mr. McGary was denied pain medications that had been prescribed for him and experienced undue pain and suffering.

## ANALYSIS

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For the objective prong of the deliberate indifference test in a medical care claim, the plaintiff "must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citation and internal quotation marks omitted). For the subjective, or "deliberate indifference" prong, the plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citation and internal quotation marks omitted).

The amended complaint alleges that the four defendants' actions or omissions caused Mr. McGary to be sent to an out-of-state facility at which his serious medical needs could not be addressed adequately. Liberally construed, the amended complaint states cognizable § 1983 claims against nurse Manglicmot, Dr. Palomero, captain P. Marziello, and CCI J. Summers for deliberate indifference to Mr. McGary's serious medical needs.

**CONCLUSION**

1. The amended complaint states cognizable § 1983 claims against the four named defendants.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint, a copy of all the documents in

the case file, and a copy of the "consent or declination to magistrate judge jurisdiction" form upon the following defendants, all of whom apparently are employed at the Correctional Treatment Facility in Soledad:

- Lina Manglicmot, R.N.
- G. B. Palomero, M.D.
- P. Marziello, captain (A)
- J. Summers, CCI

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a. No later than **February 27, 2015,** defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If the motion is based on non-exhaustion of administrative remedies, defendants must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **March 27, 2015**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **April 10, 2015**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

The defendants [may make] a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out

> specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. A plaintiff faced with such a motion can oppose it using the same methods as described above for other summary judgment motions. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the case will be dismissed and there will be no trial.

5. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to the defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may serve a document by mailing a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility or is released from custody.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

*/s/ LB*

Dated: December 3, 2014

_____
LAUREL BEELER
United States Magistrate Judge