UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

KARLTON WAYNE McGARY,

        Plaintiff,

v.

LINA MANGLICMOT; et al.,

        Defendants.

_____/

No. C 14-4686 LB

**ORDER DENYING LEAVE TO FURTHER AMEND**

[Re: ECF No. 19]

    Karlton Wayne McGary, an inmate currently housed at a facility in Eloy, Arizona, filed an amended complaint under 42 U.S.C. § 1983 alleging that the acts or omissions of four defendants – all of whom worked at the Correctional Training Facility in Soledad ("CTF") – caused Mr. McGary to be sent to an out-of-state facility at which his serious medical needs could not be addressed adequately. The court found that, liberally construed, the amended complaint stated cognizable § 1983 claims against nurse Manglicmot, Dr. Palomero, captain Marziello, and CCI Summers for deliberate indifference to Mr. McGary's serious medical needs, and ordered service of process on them. The four defendants have appeared in this action and consented to proceed before a magistrate judge. *See* ECF Nos. 20-23. The deadline for dispositive motions is May 1, 2015. ECF

No. 18.

Mr. McGary has filed a document entitled "Joint Negligence - Joint and Several," in which he asserts that several people at facilities other than CTF also have not been responsive to his medical needs. ECF No. 19. Nurse Eze allegedly was deliberately indifferent to Mr. McGary's medical needs at a facility in Eloy, Arizona, on April 19 and 24, 2014; nurse Sollis allegedly was deliberately indifferent to his medical needs at a facility in Sayre, Oklahoma on September 26, 2014; and captain Brown, CCI Roacho and CCII Noel allegedly were deliberately indifferent to his medical needs while they were at a facility in Rancho Cordova, California and Mr. McGary was at a facility in Sayre, Oklahoma on October 15, 2014. *See id.* at 2-5.

Mr. McGary did not file a motion to amend to add these new claims and new defendants, but that appears to be his intent. Once a party has filed an amended complaint, as Mr. McGary has done, he may further amend "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be granted when it would be futile. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

The court will not grant him leave to file a second amended complaint to add these new claims and new defendants because they are not properly joined with the existing claims against the existing defendants. Under Federal Rule of Civil Procedure 20(a) all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and if "any question of law or fact common to all defendants will arise in the action." The claims asserted in the "Joint Negligence - Joint and Several" document are not properly joined with the claims in the amended complaint because they do not (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants.

If Mr. McGary wishes to pursue claims against one or more of the persons mentioned in his "Joint Negligence - Joint and Several" document, he may file a civil rights complaint in the appropriate district. The U.S. District Court for the Western District of Oklahoma is the proper

venue for a § 1983 complaint pertaining to events or omissions occurring in Sayre, Oklahoma. The U.S. District Court for the District of Arizona is the proper venue for a § 1983 complaint pertaining to events or omissions occurring in Eloy, Arizona. The U.S. District Court for the Eastern District of California is the proper venue for a § 1983 complaint pertaining to events or omissions occurring Rancho Cordova, California.

**IT IS SO ORDERED.**

Dated: April 15, 2015

_____
LAUREL BEELER
United States Magistrate Judge