UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

KARLTON MCGARY,

    Plaintiff,

v.

LINA MANGLICMOT, et al.,

    Defendants.

Case No. 14-cv-04686-LB

**ORDER GRANTING THE DEFENDANT PALOMERO'S MOTION FOR SUMMARY JUDGMENT**

[Re: ECF No. 58 ]

## INTRODUCTION

Karlton McGary filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 to complain about the conditions at the Correctional Training Facility in Soledad. The parties have consented to proceed before a magistrate judge. (ECF No. 1 at 4; ECF Nos. 20-23.[1]) The court earlier granted the defendants' motion for summary judgment on most of the claims due to Mr. McGary's failure to exhaust administrative remedies for those claims. The lone remaining claim is a medical-care claim against Dr. G. Palomero, who now moves for summary judgment on that claim. Mr. McGary does not oppose the motion. For the reasons discussed below, the court grants Dr. Palomero's motion for summary judgment and will enter judgment against Mr. McGary.

---

[1] Citations are to material in the Electronic Case File ("ECF"); pinpoint cites are to the ECF-generated page numbers at the top of the documents.

**STATEMENT**

The claim remaining for adjudication is an Eighth Amendment claim that Dr. G. Palomero was deliberately indifferent to Mr. McGary's medication needs. Mr. McGary alleges in his unverified amended complaint that he had "advanced lower lumbar degen[e]rative disc disease," which caused him acute and occasionally disabling pain. (ECF No. 8 at 2.) He further alleges that Dr. Palomero was deliberately indifferent to his medical needs in that Dr. Palomero "refus[ed] to discuss long-term pain management medications alread[y] approved" for Mr. McGary, and this refusal caused Mr. McGary to be without pain medications for extended periods of time. (ECF No. 8 at 6.) The events giving rise to the claim against Dr. Palomero occurred at the Correctional Treatment Center in Soledad (CTF-Soledad), where Mr. McGary was housed in or about 2013-2014. After filing this action, Mr. McGary was released from prison. (*See* ECF No. 42-1.)

The following facts are undisputed unless otherwise noted.

G. Palomero, M.D., is a doctor who has worked at CTF-Soledad since July 2012. (ECF No. 59 at 1.)

Mr. McGary suffers from severe and chronic lower-back pain. This condition can be treated, but not cured. Typically, treatment consists of pain medication and physical therapy to manage the patient's pain level and help improve his daily living activities. "Severe chronic pain is usually treated using long term time release opiates such as morphine or methadone." (*Id.* at 2.)

Dr. Palomero examined and treated Mr. McGary on only four occasions at CTF-Soledad, i.e., on June 17, 2013, November 25, 2013, January 14, 2014, and March 6, 2014.

On June 17, 2013, Dr. Palomero treated Mr. McGary for complaints of chronic lower-back pain. At the time, Mr. McGary was receiving Tylenol III, a short-term opiate, to treat his pain. Mr. McGary claimed the Tylenol III was causing him to twitch. Dr. Palomero offered to prescribe morphine for pain management, but Mr. McGary declined. Dr. Palomero instead prescribed amitriptyline and sent Mr. McGary to physical therapy. Amitriptyline is an antidepressant, but also can be used for pain relief, as it was here. (*Id.*)

At a visit to Dr. Palomero on November 25, 2013, Mr. McGary again complained of lower-back pain and said he no longer wanted to take amitriptyline because of his perception that it was a

2

"psych drug." (*Id.*) Dr. Palomero again suggested Mr. McGary try either morphine or methadone, and Mr. McGary again declined. Mr. McGary was prescribed oxcarbazepine (also known as Trileptal) for pain management. (*Id.*)

Dr. Palomero next saw Mr. McGary on January 14, 2014, at which time Mr. McGary complained of lower-back pain and reported that he had run out of his medication two days earlier. Mr. McGary's pain was worse due to the lack of medication and he appeared to be limping. According to Dr. Palomero, patients have the option to make a direct request to the pharmacy for prescription refills or can make a doctor's appointment to obtain prescription refills; the former is quicker and easier. Dr. Palomero advised Mr. McGary that he should seek a refill as soon as possible and not wait for a doctor's appointment. Mr. McGary was again offered stronger pain medications such as morphine or methadone, and again declined. Mr. McGary's prescription for oxcarbazepine was refilled, and acetaminophen was prescribed to assist with pain management. (*Id.*)

At a visit to Dr. Palomero on March 6, 2014, Mr. McGary complained of lower-back pain and stated he had difficulty walking as a result of the pain. Mr. McGary was able to perform his job as a barber, but his pain was not well managed. Dr. Palomero explained that chronic lower-back pain such as Mr. McGary was suffering from, usually is treated with long-lasting time-release opiates such as morphine or methadone. This time, Mr. McGary agreed to try a small dosage of morphine and acetaminophen while tapering off the oxcarbazepine. Mr. McGary was scheduled for a follow-up appointment in 60-90 days, but was transferred to another facility before that appointment occurred. (*Id.*)

Dr. Palomero summarized Mr. McGary's pain medication thusly: Mr. McGary "was initially unwilling to take the long lasting opiates to treat his condition and instead chose a series of less effective pain medications with less than satisfactory results. After a period of poorly managed pain, he agreed to try morphine, but he was transferred to another facility before [Dr. Palomero] could examine him again" to determine the effectiveness of the treatment. (ECF No. 59 at 3-4.) In Dr. Palomero's medical opinion, Mr. McGary "received the most effective pain management treatment available that he was willing to accept." (*Id.* at 4.)

## SUMMARY-JUDGMENT STANDARD

The court must grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). Material facts are those that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id*. at 248-49.

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc*., 210 F.3d 1099, 1102 (9th Cir. 2000); *see Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting *Celotex,* 477 U.S. at 325).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. *Nissan Fire & Marine Ins. Co., Ltd*., 210 F.3d at 1103. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. *See Devereaux*, 263 F.3d at 1076. If the non-moving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to summary judgment. *See Celotex*, 477 U.S. at 323.

In ruling on a motion for summary judgment, inferences drawn from the underlying facts are viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Mr. McGary's complaint (but not his amended complaint) is signed under penalty of perjury, so the facts in the complaint (but not the amended complaint) are evidence for purposes of evaluating the defendant's motion for summary judgment.

## ANALYSIS

Deliberate indifference to an inmate's serious medical need violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). To establish an Eighth Amendment claim on a condition of confinement, such as medical care, a prisoner-plaintiff must show: (1) an objectively, sufficiently serious, deprivation, and (2) the official was, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). These two requirements are known as the objective and subjective prongs of an Eighth Amendment deliberate indifference claim.

To satisfy the objective prong, there must be a deprivation of a "serious" medical need. A serious medical need exists if the failure to treat an inmate's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.*

The evidence in the record is that Mr. McGary had severe and chronic lower-back pain that was of the sort for which the usual treatment included opiates. This evidence would permit a jury to find the existence of an objectively serious medical need. *Cf. Lolli v. Cnty. of Orange*, 351 F.3d 410, 419 (9th Cir. 2003) (Type I diabetes is a serious medical need). Dr. Palomero does not dispute that Mr. McGary's lower-back pain was a serious medical condition.

For the subjective prong of an Eighth Amendment claim, there must be deliberate indifference. A defendant is deliberately indifferent if he knows that an inmate faces a substantial risk of serious

harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If the defendant should have been aware of the risk, but was not, then he has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, No. 12-56829, slip op. at 31 (9th Cir. Aug. 15, 2016) (*en banc*). Deliberate indifference may be demonstrated when prison officials deny, delay or intentionally interfere with medical treatment, or it may be inferred from the way in which prison officials provide medical care. *See McGuckin v. Smith*, 974 F.2d 1050, 1062 (9th Cir. 1992) (finding that a delay of seven months in providing medical care during which a medical condition was left virtually untreated and plaintiff was forced to endure "unnecessary pain" sufficient to present colorable § 1983 claim), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). Negligence does not amount to deliberate indifference and does not satisfy the subjective prong of an Eighth Amendment claim. S*ee Wilhelm v. Rotman*, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (finding no deliberate indifference but merely a "negligent misdiagnosis" by defendant-doctor who decided not to operate because he thought plaintiff was not suffering from a hernia).

A difference of opinion as to which medically acceptable course of treatment should be followed does not establish deliberate indifference. *See Toguchi*, 391 F.3d at 1058; *Sanchez v. Vild*, 891 F.2d 240 (9th Cir. 1989). "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Toguchi,* 391 F.3d at 1058 (second alteration in original); *see Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citing *Farmer*, 511 U.S. at 837).

Having carefully reviewed the evidence, the court concludes that no reasonable jury could find in Mr. McGary's favor on his Eighth Amendment claim against Dr. Palomero. The undisputed evidence shows that: (1) Dr. Palomero saw Mr. McGary on four occasions at which Mr. McGary complained of lower-back pain; (2) Dr. Palomero and Mr. McGary considered Mr. McGary's

6

pain-management medications at each of the visits; (3) Dr. Palomero offered to prescribe long-term time-release opiates such as morphine or methadone for Mr. McGary's pain at each visit; (4) Mr. McGary declined the offer of a prescription for opiates at the first three appointments, leading Dr. Palomero to prescribe other medications for Mr. McGary; and (5) when Mr. McGary agreed to try a small dosage of morphine at the fourth appointment, Dr. Palomero prescribed morphine as well as acetaminophen to address the lower-back pain. The evidence also is undisputed that Dr. Palomero did not treat Mr. McGary after the fourth appointment because Mr. McGary was transferred to another prison. The evidence is undisputed that Mr. McGary received the most effective pain-management treatment available that he was willing to accept.

Mr. McGary's amended complaint alleges that Dr. Palomero refused to discuss long-term pain-management medications already approved for Mr. McGary. Mr. McGary has provided no evidence as to what those pain-management medications were, or how Dr. Palomero's alleged refusal to discuss them amounted to deliberate indifference. The only *evidence* in the record shows that there was some back-and-forth between doctor and patient about medications for Mr. McGary: Dr. Palomero offered opiates, and Mr. McGary turned them down three times before agreeing to try morphine; Mr. McGary complained at one appointment that the Tylenol III was causing him to twitch; Mr. McGary complained at another appointment that he no longer wanted to take amitriptyline; and they talked at another appointment about the medication-refill procedures available to Mr. McGary. Even if Mr. McGary wanted medications that were different from those offered by Dr. Palomero, he has failed to show that the course of treatment chosen by Dr. Palomero "'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Toguchi,* 391 F.3d at 1058.

Dr. Palomero has met his burden on summary judgment to show the absence of evidence that he acted with the deliberate indifference necessary for an Eighth Amendment violation. When the evidence is viewed in the light most favorable to Mr. McGary, and inferences therefrom drawn in his favor, no reasonable jury could return a verdict for him on his Eighth Amendment claim that Dr. Palomero refused to discuss long-term pain medications. Dr. Palomero therefore is entitled to judgment as a matter of law on the Eighth Amendment claim. Dr. Palomero's motion for summary

7

judgment is granted because he has presented evidence demonstrating the absence of any genuine dispute as to any material fact in support of Mr. McGary's claim, and not merely because Mr. McGary has failed to file an opposition to the motion. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion for summary judgment cannot be granted solely because the plaintiff has failed to file an opposition; rather, the motion may be granted only after the court determines that there are no material issues of fact).

## CONCLUSION

Dr. Palomero's motion for summary judgment is GRANTED. (ECF No. 58.) Dr. Palomero is entitled to judgment as a matter of law on Mr. McGary's Eighth Amendment claim regarding medications. All the other claims were dismissed without prejudice in the order granting partial summary judgment for the defendants. (ECF No. 53). The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 14, 2016

LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLTON MCGARY,<br><br>   Plaintiff,<br><br> v.<br><br>LINA MANGLICMOT, et al.,<br><br>   Defendants. | Case No. 3:14-cv-04686-LB<br><br>**CERTIFICATE OF SERVICE** |

  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

  That on October 14, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Karlton McGary ID: D87345
10465 S. Figueroa #5
Los Angeles, CA 90003

Dated: October 14, 2016

                Susan Y. Soong
                Clerk, United States District Court

                By: /s/ L. Scott
                Lashanda Scott, Deputy Clerk to the
                Honorable LAUREL BEELER